IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHARLES ERIS WASHINGTON, #1891818 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv437 |
| PATRICK DOOLEY, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Charles Eris Washington, an inmate confined in the Texas prison system, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. Mr. Washington complains that his parole was revoked and that he has not been released. The complaint was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation (Dkt. #15) concluding that the lawsuit should be dismissed as frivolous. Mr. Washington has filed objections (Dkt. #20).

The lawsuit contains two claims. The first concerns the circumstances surrounding the revocation of Mr. Washington's parole. He is suing a number of people who played a role in the revocation of his parole. He is seeking injunctive relief and compensatory and punitive damages.

Mr. Washington has filed the wrong type of lawsuit regarding the revocation of his parole. The Supreme Court has held that a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Supreme Court provided the following explanation:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

*Id.* at 486. The holding in *Heck* was subsequently extended to parole revocation proceedings. *Littles v. Board of Pardons and Paroles Division*, 68 F.3d 122 (5th Cir. 1995); *Jackson v. Vannoy*, 49 F.3d 175 (5th Cir. 1995). A plaintiff may not question the validity of his confinement resulting from a parole revocation proceeding unless he shows that the decision revoking his parole has been reversed, expunged, set aside, or called into question. *Littles*, 68 F.3d at 123; *Jackson*, 49 F.3d at 176. He may not bring a civil rights lawsuit concerning events surrounding the revocation of his parole which would necessarily imply the invalidity of the revocation of his parole. *Jackson*, 49 F.3d at 176. The claims concerning the revocation of Mr. Washington's parole are frivolous in light of *Heck*, *Littles* and *Vannoy,* and should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

In his objections, Mr. Washington once again discusses the circumstances surrounding the revocation of his parole. For example, he notes that he told his parole officer that he no longer needed adult supervision; thus, he was cancelling out the parole contract. When a parole revocation warrant was issued, he told parole officials that he was no longer in their custody. He does not understand why his parole was thus revoked; nonetheless, he has not shown that he raised these issues in the proper type of proceeding and that the decision revoking his parole has been reversed, set aside, or called into question.

The second issue addressed by Judge Mitchell concerns Mr. Washington's complaint that he is still confined. To the extent that the lawsuit can be construed as including complaints about Mr. Washington not being released again on parole, such claims are likewise frivolous. In *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1 (1979), the Supreme Court held there is no constitutional right to parole. Furthermore, no liberty interest was implicated by the mere existence of a state parole system. The possibility of parole provides no more than a mere hope that the benefit will be obtained. *Id.* at 11 (citing *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972)). Nonetheless, the Nebraska statutory language created a protectible expectation of parole. The statute specified the Parole Board "shall" order a prisoner's release on parole when he becomes eligible "unless" his release should be deferred because of a variety of factors. The Court concluded that the use of the terminology "shall" and "unless" created an expectancy of release, and with it a liberty interest protected by the Due Process Clause. 442 U.S. 11-12. The existence of a state created liberty interest depends upon the statutory language and "must be decided on a case-by-case basis." *Id.* at 12. The Fifth Circuit has examined the language of the Texas parole statutes and has concluded that it does not create a presumption of entitlement to release on parole after the accrual of a minimum time of incarceration. *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir.), *cert. denied*, 454 U.S. 854 (1981); *Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991). Mr. Washington's claims about not being released on parole are frivolous and should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

In his objections, Mr. Washington states that his complaint is not about the State failing to release him back on parole; instead, his lawsuit is about not being released off of parole due to his

private status. Nonetheless, to the extent that he believes that he is entitled to have his parole discharged, his lawsuit concerns being released from custody, which is a habeas issue as opposed to a civil rights issue. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). Mr. Washington has brought the wrong type of lawsuit, and the present civil rights lawsuit is frivolous.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Washington to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Washington's objections are without merit. Therefore, the findings and conclusions of the Magistrate Judge are adopted as the findings and conclusions of the court. It is accordingly

**ORDERED** that the complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). All motions not previously ruled on are **DENIED**.

**So Ordered and Signed**
**Dec 19, 2017**

_____
Ron Clark, United States District Judge